J-S50022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| STEVEN BLAINE SNYDER | |
| Appellant | No. 1399 MDA 2015 |

Appeal from the Judgment of Sentence Entered May 11, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at Nos: CP-36-CR-0001610-2014; and
CP-36-CR-0005397-2014

BEFORE:  MUNDY, STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY STABILE, J.:                **FILED JULY 22, 2016**

Appellant Steven Blaine Snyder appeals from the May 11, 2015 judgment of sentence entered in the Court of Common Pleas of Lancaster County ("trial court"), following his guilty plea to multiple Motor Vehicle Code violations ("Code").  Upon review, we affirm.

On February 18, 2014, Appellant was charged with three counts of driving under the influence ("DUI") of alcohol and marijuana and one count of driving while his operating privileges were suspended ("DUS") at docket number 1610-2014 ("First Case").[1]  Barely eight months later, on October 16, 2014, while the First Case was pending, Appellant again was charged

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S.A. §§ 3802 and 1543.

with two counts of DUI (morphine and hydrocodone) and one count of DUS at docket number 05397-2014 ("Second Case"). Appellant ultimately pled *nolo contendere* to the charges in the First Case and pled guilty to the charges in the Second Case. On May 11, 2015, the trial court sentenced Appellant to 12 to 60 months' imprisonment for the DUI offenses and a consecutive 90 days' imprisonment for DUS in the First Case. Thereafter, on the same day, the trial court sentenced Appellant to 12 to 60 months' imprisonment for the DUI offenses with a consecutive 6 months' imprisonment for DUS under Section 1543(b)(1.1.)(ii) in the Second Case. The sentences imposed in both cases were to run consecutively, for an aggregate term of 33 to 120 months' imprisonment. Appellant timely appealed to this Court. Following Appellant's filing of a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, the trial court issued a Pa.R.A.P. 1925(a) opinon.

On appeal, Appellant argues only that the trial court erred in imposing a 6 months' sentence under Section 1543(b)(1.1)(ii), a mere grading provision, because he had not been convicted of a prior Section 1543(b)(1.1) offense. We disagree.

Instantly, Appellant challenges the legality of his sentence. The legality of a sentence is a question of law, and as such our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Hawkins**, 45 A.3d 1123, 1130 (Pa. Super. 2012).

Section 1543(b) of the Code provides in relevant part:

(1.1)(i) A person who has an amount of alcohol by weight in his blood that is equal to or greater than .02% at the time of testing or who at the time of testing has in his blood any amount of a Schedule I or nonprescribed Schedule II or III controlled substance, as defined in the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, or its metabolite or who refuses testing of blood or breath and who drives a motor vehicle on any highway or trafficway of this Commonwealth at a time when the person's operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3802 or former section 3731 or because of a violation of section 1547(b)(1) or 3802 or former section 3731 or is suspended under section 1581 for an offense substantially similar to a violation of section 3802 or former section 3731 shall, upon a first conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for a period of not less than 90 days.

(ii) A **second violation** of this paragraph shall constitute a misdemeanor of the third degree, and upon conviction thereof the person shall be sentenced to pay a fine of $2,500 and to undergo imprisonment for **not less than six months**.

75 Pa.C.S.A. § 1543(b)(1.1)(i) and (ii) (emphasis added).

Here, our review of the record reveals that the trial court did not impose an illegal sentence when it sentenced Appellant to 6 months' imprisonment for the Section 1543(b)(1.1) violation in the Second Case. Specifically, the sentencing transcript clearly indicates that the trial court already had sentenced Appellant for a Section 1543(b)(1.1) violation in the First Case before it sentenced him for the Section 1543(b)(1.1) violation in the Second Case. N.T. Sentencing, 5/11/15, at 19-21. In other words, because Appellant had a prior conviction for a Section 1543(b)(1.1) violation

- 3 -

as a result of the First Case, the trial court did not err in sentencing him to 6 months' imprisonment under Section 1543(b)(1.1)(ii) in the Second Case.[2]

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/22/2016

_____

[2] Based on the outcome in this case, we need not address Appellant's contention that the term "violation" in Section 1543(b)(1.1) requires a conviction.